REQUESTED BY: Clifton A. Sexton, Jr., Director Department of Administrative Services
May the Director of Administrative Services withhold state aid payments from a political subdivision for failure of that political subdivision to pay a delinquent account to another political subdivision?
No.
Article 15 of Chapter 72, enacted by LB 931, effective July 17, 1982, set up a procedure for collection of certain delinquent accounts by the Director of Administrative Services.
Neb.Rev.Stat. § 72-1501 (Supp. 1982) defines both `agency' and `political subdivision'. These definitions are as follows:
 (1) Agency shall mean the State of Nebraska or any agency, commission, department, division, or office thereof, including the University of Nebraska and the state colleges;
. . .
. . .
 (4) Political subdivision shall mean any city, village, township, district, county, or other political subdivision of the State of Nebraska.
Neb.Rev.Stat. § 72-1503 provides that each agency shall notify the Director of Administrative Services of accounts owed to the agency by a political subdivision, in excess of $1,000 which have been delinquent for a period of 60 days or more. A procedure is then provided whereby the Director of Administrative Services is to notify the political subdivision of the past due account and after various waiting periods, the Director of Administrative Services is authorized to notify the State Treasurer to withhold an amount from state aid payments to the political subdivision in question. The State Treasurer then credits the amount withheld to the fund to which the original payment was due. The `account' referred to in said act is defined therein as `any amount of money owed to any agency by a political subdivision.' Neb.Rev.Stat. § 72-1501(2) (Supp. 1982).
From the foregoing provisions, it is our opinion that the Legislature did not intend for the Director of Administrative Services to cause payments to be withheld from a political subdivision because of a delinquent account due another political subdivision. Doubt may arise because the term `agency' is defined as including a `division' of the State of Nebraska. We are of the opinion, however, that this was not meant to include a `political subdivision,' as an `agency' which is authorized and required to notify the Director of Administrative Services to make collection of one of the agency's delinquent accounts.
We have based this opinion on the following:
 1. The State Treasurer is required to credit the amount of state aid withheld to the fund to which the original delinquent account was due. Neb.Rev.Stat. 84-602
(Reissue 1981) provides in part: `It shall be the duty of the State Treasurer: (1) To receive and keep all money of the state not expressly required to be received and kept by some other person; . . . (3) To keep a just, true and comprehensive account of all money received and disbursed.' The State Treasurer has nothing to do with the debiting or crediting of funds of political subdivisions in the usual case as the Legislature has made other provision for custody of such funds by the subdivision.
 2. The fact that the Legislature defined both `agency' and `political subdivision' raises a strong presumption that the Legislature did not intend the latter to be merged within the former; otherwise, there would have been no reason for two separate definitions.
You have specifically asked about a request from a mental retardation region to you to withhold state aid payments due from another political subdivision. Mental retardation regions are provided for by Neb.Rev.Stat. §§ 83-1,143, etseq. (Reissue 1981). Most, if not all, the regions are composed, at least in part, by interlocal agreements among various counties. The agreements usually provide who will have custody and management of the funds of the region. However, by Neb.Rev.Stat. § 83-1,143, each region submits an annual budget to, and receives an appropriation from, the Legislature. The member counties, by agreement, usually provide additional funding from taxation, provide how the region is governed etc. Looking at the entire structure, we do not think it was intended that an entity such as this, organized under an interlocal agreement is an `agency' within 72-1501. It may not, therefore, use this method to collect and you are not authorized to cause state aid payments to be withheld from the delinquent political subdivision in question.
It is therefore our opinion that the law only authorizes the Director of Administrative Services to enforce the payment of delinquent accounts due to state agencies from political subdivisions, and not accounts due to one political subdivision, whether or not formed by interlocal agreement, from another political subdivision.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Mel Kammerlohr Assistant Attorney General
APPROVED:
Paul L. Douglas
Attorney General